# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN ALAN MILLER, JR., | |
| Plaintiff, | No. C11-2054-LRR |
| vs. | |
| BLACK HAWK COUNTY SHERIFF'S OFFICE, ANY AND ALL UNNAMED PERSONS, | ORDER |
| Defendants. | |

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on September 1, 2011. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983. Additionally, on September 12, 2011, the plaintiff filed a supplement (docket no. 2), and, on December 8, 2011, the plaintiff filed a second supplement (docket no. 4).

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's statements, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an

appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the plaintiff's statements, the court finds that the initial partial filing fee is $1.00. *Id*. The plaintiff shall submit $1.00 by no later than February 29, 2012. *Id*. If the court does not receive payment by this deadline, the instant action shall be dismissed. *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## *II. THE COMPLAINT*

In his pleadings, the plaintiff names only one defendant, asserts four claims (allergy claim, dental claim, medication claim and mail claim) and refers to a habeas corpus action. The defendant does not identify specific individuals, and this civil rights action is the only open case that he has in this district. Because the court is unable to determine whether the plaintiff's claims are frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A, the court is of the opinion that the matter is best addressed by requiring the plaintiff to file an amended and substituted complaint. The plaintiff shall file by no later than February 29, 2012 an amended and substituted complaint. The plaintiff's amended and substituted complaint shall specifically set forth pertinent facts, if they exist, which state a constitutional violation, and name those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff shall only state what each defendant personally did, or failed to do, which resulted in harm to him. He also shall refrain from citing legal authority and presenting legal arguments. The plaintiff shall state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983. Although he is not required to use the form that is typically used by inmates who allege constitutional violations and seek relief under 42 U.S.C. § 1983, the plaintiff is encouraged to do so. Finally, the plaintiff should be aware that any claims that are not realleged in an amended complaint are deemed abandoned. *See In re Wireless Tel. Fed. Cost Recover Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). If the plaintiff fails to comply with this order, this case will be dismissed for failure to respond to an order of the court. Fed. R. Civ. P. 41(b); *Edgington*, 52 F.3d at 779-80; *cf*. L.R. 41.1(b)(4). The

3

court shall reserve ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.[1]

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

2) The clerk of the court is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit an initial partial filing fee of $1.00 by no later than February 29, 2012. The instant action will be dismissed unless either the

---

[1] Before proceeding, the plaintiff should realize that: (1) he admits that he saw medical personnel when he complained about having allergic reactions and those individuals concluded that there was no evidence of any skin irritation; (2) medical care may differ from the care provided when not confined because inmates do not have unqualified access to health care; (3) it appears that he filed a grievance about the type of soap available to him after he commenced this action; and (4) there are no statements in his pleadings that indicate what steps he took to make officials aware of the problems he had with his teeth, medication or mail. Given the record, the plaintiff should keep in mind the following: (1) a prisoner must exhaust his or her administrative remedies prior to commencing an action, *see* 42 U.S.C. § 1997e(a), *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), and *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); (2) a plaintiff must allege in his or her complaint that a defendant was personally involved with or had direct responsibility for the incident that injured him or her, *see Gully v. Maynard*, 218 Fed. Appx. 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); (3) to establish municipal liability under 42 U.S.C. § 1983, a plaintiff must allege that a constitutional violation was committed pursuant to an official custom, policy or practice, *see Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009); (4) an inmate's disagreement or displeasure with his course of medical treatment is not actionable under 42 U.S.C. § 1983, *see Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); and (5) prison policies survive constitutional challenges if they are reasonably related to legitimate penological interests, *see Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

4

initial partial filing fee of $1.00 is received by February 29, 2012 or the court grants an enlargement of time to pay the initial partial filing fee in response to a written motion.

4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5) The clerk of the court is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

6) The plaintiff is directed to file by no later than Febuary 29, 2012 an amended and substituted complaint. The plaintiff's amended and substituted complaint must specifically set forth pertinent facts, if they exist, which state a constitutional violation, and name those specific persons who, acting under color of law, allegedly violated his rights. The plaintiff is directed to only state what each defendant personally did, or failed to do, which resulted in harm to him. He also is directed to refrain from citing legal authority and presenting legal arguments. And, the plaintiff is directed to state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983. If the plaintiff fails to timely file an amended an substituted complaint, this case will be dismissed for failure to respond to an order of the court.

7) The court reserves ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

**DATED** this 30th day of January, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**TO:** **WARDEN/ADMINISTRATOR**
**Iowa Medical and Classification Center, Coralville, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Stephen A. Miller, Jr., #800054, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Miller v. Black Hawk County Sheriff's Office et al.*, Case No. C11-2054-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $1.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*KJorgensen* Deputy Clerk

Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa